JS-6

LORETTA E. LYNCH., Attorney General of the United States
VANITA GUPTA, Principal Deputy Assistant Attorney General
Civil Rights Division
EVE L. HILL, Deputy Assistant Attorney General
Civil Rights Division
REBECCA B. BOND, Chief
SHEILA M. FORAN, Special Legal Counsel
KEVIN J. KIJEWSKI, Deputy Chief
ALYSE S. BASS, Senior Trial Attorney
Disability Rights Section
United States Department of Justice
950 Pennsylvania Avenue, N.W. - NYA
Washington, DC  20035
alyse.bass@usdoj.gov

DOUG SMITH, Esq.
Smith Law Offices, APC
Suite 250
4204 Riverwalk Pkwy
Riverside, CA  92505
dsmith@smithlaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 5:15 –CV-01997-PA-KK |
| | ) | |
| | ) | |
| | ) | CONSENT DECREE |
| v. | ) | |
| | ) | |
| COUNTY OF RIVERSIDE, CALIFORNIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CONSENT DECREE**

I. Background

1.       This Consent Decree resolves a civil action brought by Plaintiff United States against Defendant County of Riverside, California (the "County") to enforce the provisions of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-17, and its implementing regulation, 29 C.F.R. Part 1630.  The United States alleges that the County discriminated against Brent Knigge, in violation of 42 U.S.C. §§ 12112(a) and (b)(5), and 29 C.F.R. § 1630.9, by failing to hire Mr. Knigge for the position of Probation Corrections Officer I ("PCO I") because he has a disability, epilepsy, and/or was regarded by the County as having a disability.  The County denies any and all of the allegations being made by the United States, and specifically denies that it discriminated against Mr. Knigge in any way.  Nothing in this Consent Decree should be construed as an admission of liability by the County.

2.       This matter was initiated by charge number 846-2012-17873, filed by Mr. Knigge with the United States Equal Employment Opportunity Commission ("EEOC").  The EEOC investigated the charge it found reasonable cause to believe that discrimination occurred.  After the Parties attempts at conciliation failed, it referred the charge to the United States Department of Justice.

3.       The United States and the County (collectively, "the parties") have reached agreement that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation.  Accordingly, the parties agree to the entry of this Consent Decree.

Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS AND ORDERS THE FOLLOWING:

## II. Jurisdiction and Venue

4.      This action is brought to enforce the statutory and regulatory provisions of Title I of the ADA, which incorporates through 42 U.S.C. § 12117 the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117.

5.      This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1345.

6.      Venue is appropriate pursuant to 28 U.S.C. § 1391 because  County is located in the Central District of California and all of the alleged events or omissions giving rise to the claims occurred in Central District of California.

7.      The County is a body corporate and politic created under the laws of the State of California.

8.      The County is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2).

## III. Injunctive Relief

9.      The County and its officials, agents, and employees will not discriminate against any employee or applicant for employment on the basis of disability in violation of Title I of the ADA and its implementing regulation.

10.      The County will not withdraw an offer of employment based on the results of the post-offer, pre-employment medical examination or inquiry unless it has objective evidence that the reason for doing so was job-related, consistent with business necessity, and that the job cannot be

performed by providing the employee with a reasonable accommodation.  See 42 U.S.C. §§ 12111(3), 12112(d), 12113(a) & (b).

11.     The County shall implement policies and procedures to ensure that if the County considers an applicant with a disability to pose a direct threat as defined in the ADA, then the County shall conduct an individualized assessment of the applicant's present ability to safely perform the essential functions of the job based on a reasonable medical judgment that relies on the most current medical knowledge and the best available objective evidence, as required by 29 C.F.R. § 1630.2(r).

12.     Within fifteen (15) days of entry of this Consent Decree, the County will disclose to the United States the identity of its ADA Compliance Officer, also known as a Disability Access Officer, who has authority to address ADA compliance matters, and has the authority to address and resolve compliance issues and who reports directly to the County's Assistant Human Resources Director .  The designated employee will serve as the primary contact for disability-related issues raised by applicants and employees, and will be, along with the County, responsible for implementing the requirements of this Consent Decree.

13.     The County will provide live training lasting at least four (4) hours on Title I of the ADA to: (i) all employees who conduct pre-employment, post offer, medical examinations, or who participate in making  hiring decisions, including hiring or promoting employees (collectively, "supervisors"), within sixty days (60) from the date the DOJ notifies the County that the training has been approved, and in any event within ninety (90) days of its submission ; and (ii) will continue to provide interactive training lasting at least two (2) hours to all current and new supervisors, whether by hire or promotion within six (6) months of the start of their employment.

14.     At least thirty (30) days before training the County shall seek the United States' prior approval of the training and the trainer by notifying the United States of the trainer it has selected and

sending the United States by email the curriculum for the training.  If the United States does not approve of the trainer or training curriculum, then the County must adopt the changes to the curriculum or select a different trainer which must be pre-approved by the United States.  The County will maintain attendance logs of all employees who attend the training and submit these to the United States, as required by paragraph 17 below.

15.     Within ninety (90) days of the entry of this Consent Decree, the County shall draft and provide to the United States employment policies and procedures related to the administration and use of pre-employment medical examinations or inquiries in compliance with Title I of the ADA and this Consent Decree.  The United States may make changes to these draft policies that the County will consider for adoption.  Whether or not the United States makes changes does not relieve the County from drafting and implementing employment policies and procedures that comply with Title I of the ADA and this Consent Decree. Within thirty (30) days from the date the United States notifies the County of final approval, County will begin  implementing  the employment policies and procedures related to the administration of pre-employment medical examinations or inquiries and must revise these to stay consistent with the ADA, this Consent Decree, and as directed by the United States.

16.     During the term of this Consent Decree, all of the County's existing and future contracts with any medical examiners (or any entity providing medical examiners) must require the medical examiner to comply with the County's employment policies and procedures related to the administration and use of pre-employment medical examinations or inquiries and with the ADA including how a medical examination or inquiry of an applicant or employee is conducted.  In addition, in all of its existing and future contracts with any medical examiners (or any entity providing medical examiners), the County shall require that each medical examiner is provided with

training materials that cover the same content as the ADA training described above in paragraph 13, prior to the medical examiner's commencement of services for the County.

IV. Reporting Requirements

17.     Six (6) months after the entry of this Consent Decree, and every six (6) months thereafter during the term of this Consent Decree, the County will provide a written report ("Report") to the United States on its compliance with this Consent Decree. The Report will include, for the preceding six-month period:

a.   A specific acknowledgment that the County has, for the instant reporting period, complied with the requirements of the Consent Decree, including the procedures set forth in paragraphs 11-16 and the training requirements specified in paragraph 13 above;

b.   Notification regarding any lawsuit, written complaint, charge, or grievance alleging that the County has violated Title I of the ADA by excluding an otherwise qualified applicant for a position because he or she has a disability, has a record of a disability, or was regarded as having a disability; or by using qualification standards or other selection criteria that are not consistent with business necessity and that screen out an applicant from being hired. This notice will include a description of the nature of the allegation, the name of the individual making the allegation, and all non-privileged documentation possessed by the County relevant to the allegation.

18.     For the term of this Consent Decree, the County shall provide a description to the United States of the circumstances surrounding each decision to withdraw an offer of employment based on the results of a post-offer pre-employment medical examination or inquiry.  This description

- 6 -

shall include the name, last known address, telephone numbers, and email addresses of the applicant (if known); the date that the employment offer was withdrawn; and the justification for the withdrawal (including any medical report generated).  The County shall send this description to the United States as a part of the six (6) month report referenced in Number 17 (a) of this Decree.

19.     All information provided by the  County to the United States under this Consent Decree must be sent to the United States by email or overnight courier service to: Alyse S. Bass, DJ #205-12C-33, Alyse.Bass@usdoj.gov, or U.S. Department of Justice, Civil Rights Division, Disability Rights Section, 1425 New York Avenue, N.W., Fourth Floor, Washington, DC  20530.

V. Offer of Instatement

20.     The County shall offer to instate Mr. Knigge to the position he was denied, to include the present pay rate for that position, any and all applicable benefits and retroactive seniority, for all previous periods of employment up to and including the date of his instatement. The County shall make this offer as soon as practicable for the first position that becomes available after this Consent Decree is entered by the Court Mr. Knigge will have twenty-one (21) days after receipt of the offer to accept it, and if not accepted, then the offer will be considered rejected. The County shall make the offer in writing and shall identify the position offered, the pay rate for the position, all applicable benefits, the start date, contact person, the fact that the offer must be accepted within twenty-one (21) days or it will be considered rejected, the geographic location of the job in question (including the street address), and the name and title of the persons who will serve as Mr. Knigge's immediate supervisors. As a condition of employment, Mr. Knigge will be subject to a background check, and medical and other examinations as required for the position and consistent with the ADA.

## VI. Specific Remedial Relief for Brent Knigge

21.     Within thirty (30) days of the entry of this Decree, the County will offer to pay Mr. Brent Knigge a total of $50,000.00, which includes:

      a.  $21,628.46, as back pay.

      b.   $2,209.63, as accumulated interest on the back pay.

      c.  $26,161.91, as compensatory damages.

22.     Within forty-five (45) days of the effective date of this Consent Decree, the County will send to Mr. Knigge a copy of this signed Consent Decree, along with a letter and Release of Claims and Election Form attached as Exhibit 1.  In order to accept the relief offered by the County, Mr. Knigge must execute and return the Release of Claims and Election Form to County within thirty (30) days of receipt.  Acceptance of the monetary award is independent of, and not contingent upon, Mr. Knigge's response to County's offer of instatement.

23.     The County will send the United States a copy of Exhibit 1 when it is sent to Mr. Knigge.

24.     If Mr. Knigge accepts the relief in paragraphs 21-22 above, then County must pay the total monetary amount of $50,000.00 within thirty (30) days of receipt of his signed Release of Claims and Election Form from Mr. Knigge.

## VII. Enforcement

25.     The United States may review the County's compliance with this Consent Decree at any time and may enforce this Consent Decree if the United States believes that any portion of this Decree has been violated by the County.  If the United States believes that the County has violated any portion of this Consent Decree, it will notify the County and attempt to resolve the violations in

good faith.  The United States will give the County thirty (30) days after notification to cure any violation prior to instituting court action.

26.     Failure by the United States to enforce any provision of this Consent Decree is not a waiver of the United States' right to enforce any provision of this Consent Decree.

27.     This Consent Decree does not remedy any other potential violations of the ADA or any other law that is not specifically addressed herein, nor does it affect County's continuing responsibility to comply with the ADA.

28.     This Consent Decree will remain in effect for two (2) years from the date of its entry. For the term of this Decree, the Court retains jurisdiction to enforce it.

29.     This Consent Decree constitutes the entire agreement between the parties relating to this action, United States v. County of Riverside, California, (C.D. Cal.), Department of Justice Number 205-12C-33; and EEOC charge number 846-2012-17873. No other statement, promise, or agreement, either written or oral that is not contained in this Consent Decree will be enforceable.

30.     This Consent Decree is binding on United States and County, its agents and employees.

31.     Each party will assume its own costs and expenses, including attorneys' fees.

SO ORDERED this  9th___  day of  Oct.___, 2015.

_____
District Judge
Central District of California

AGREED AND CONSENTED TO:

                    Agreed and consented to:

                    <u>FOR THE UNITED STATES OF AMERICA:</u>

                    LORETTA E. LYNCH, Attorney General of the United States

                    VANITA GUPTA, Principal Deputy Assistant Attorney General

                    EVE L. HILL, Deputy Assistant Attorney General
Civil Rights Division

*alyse bass*

REBECCA B. BOND, Chief
SHEILA M. FORAN, Special Legal Counsel
KEVIN J. KIJEWSKI, Deputy Chief
ALYSE S. BASS, Senior Trial Attorney
Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue N.W. - NYA
Washington, DC  20530
Telephone:  (202) 307-0663
Facsimile: (202) 305-9775
Email: alyse.bass@usdoj.gov

1

2          FOR THE COUNTY OF RIVERSIDE:

3

4          DOUG SMITH, Esq.
           Smith Law Offices, APC
5          Suite 250
           4204 Riverwalk Pkwy
6          Riverside, CA 92505
           951-509-1355
7          dsmith@smithlaw.com

8

9

10         By: _____
           MARION ASHLEY
11         Chairman, Board of Supervisors

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -